# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**DEALIGIR PETTIS,**

     **Plaintiff,**

**-vs-**               **Case No.  3-:05-CV-271**

**ECONOMY LINEN & TOWEL SERVICE, INC.,**

               **Judge Thomas M. Rose**

     **Defendant.**

---

**ENTRY AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. #3) AND REMANDING PLAINTIFF'S COMPLAINT TO THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, OHIO**

---

This matter arises from the employment of Plaintiff Dealigir Pettis ("Pettis") by Defendant Economy Linen & Towel Service, Inc. ("Economy Linen"). Pettis was allegedly employed by Economy Linen from January 18, 2005, until March 4, 2005.

Pettis's Complaint, which indicates that it is "authorized under the statutory and common laws of Ohio," includes three counts. Count I is for retaliation. Count II is for wrongful discharge in violation of public policy and Count III is for reckless infliction of emotional distress. Count IV is for negligent retention and/or supervision and Count V is for punitive damages.

The Complaint was filed in the Common Pleas Court of Montgomery County, Ohio, on July 11, 2005. The Complaint was served on Economy Linen on or after July 11, 2005, and Economy Linen removed the Complaint to this Court on August 1, 2005 (Doc. #1).

Now before the Court is Pettis's Motion To Remand. (Doc. #3.) This Motion To Remand is now fully briefed and ripe for decision.

Economy Linen's removal was based upon federal question jurisdiction. Pettis now argues that this matter should be remanded because it does not involve a federal question.

Federal law permits a defendant to remove an action from state to federal court when the federal district court has original jurisdiction founded on a claim or right arising under federal law. *Peters v. The Lincoln Electric Co.*, 285 F.3d 456, 465 (6th Cir. 2002). Said another way, only state-court actions that originally could have been filed in federal court may be removed to federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A suit arises under the law that creates the cause of action. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 8-9 (1983). Thus, a suit arises under federal law where the vindication of a right necessarily turns on some construction of federal law. *Id.* at 9. However, a suit does not arise under federal law where the complaint presents a state-law cause of action but asserts that federal law deprives the defendant of a defense that might be raised. *Id.* at 10.

The basis for determining the presence or absence of a federal question starts with the "well-pleaded complaint rule." *Peters,* 285 F.3d at 465 (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998)). The "well-pleaded complaint rule" provides that a federal question must appear on the face of the complaint. *Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995). This rule makes the plaintiff the "master" of the claim. *Caterpillar*, 482 U.S. at 392.  As "master" of the claim, the plaintiff may, by "eschewing" claims based upon federal law, elect to have the cause heard in state court. *Warner*, 46 F.3d at 533 (citing *Caterpillar,* 482 U.S. at 398-99).

However, the "well-pleaded complaint rule" is not absolute. *Striff v. Mason*, 849 F.2d 240, 244 (6th Cir. 1988). An action may be removed "where the real nature of the claim asserted in the complaint is federal, irrespective of whether it is so characterized." *Id.* (citing 1 A. J. Moore & B. Ringle, *Moore's Federal Practice* ¶0.060[3.-3] (2d ed. 1987)).

Turning first to Pettis's Complaint, it is specifically "authorized under the statutory and common laws of Ohio." Further, all Counts of her Complaint either may be or must be brought pursuant to Ohio law. Finally, nowhere in the complaint is federal law mentioned.  As a result, Pettis's suit arises under Ohio law and not under federal law. It, therefore, is not founded on a claim or right arising under federal law and is not removable.

Economy Linen argues that the decision in *Striff* applies to this case and allows Pettis's Complaint to be removed to federal court. However, *Stiff* involved claims that had "sufficient federal character" to be removed. The Complaint in *Striff* identified the right to be enforced as being required by a court decree designed to bring the practices of the police department into compliance with federal civil rights laws. *Striff*, 849 F.2d at 244.

In this case, the rights that Pettis seeks to enforce are born of Ohio law and not federal law. In support of this conclusion, while federal law, specifically Title VII, provides a private cause of action for certain civil rights violations, federal law does not preempt state civil rights actions. 42 U.S.C. §2000e-7.

Pettis is the "master" of her complaint and she has elected to bring only state-law claims and not federal law claims against Economy Linen. Therefore, this Court does not have original jurisdiction over Pettis's Complaint.

Pettis's Motion To Remand (doc. #3) is GRANTED. A certified copy of this Order of Remand shall be mailed by the Clerk of this Court to the Clerk of Courts of the Common Pleas Court of Montgomery County, Ohio. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Tenth day of November, 2005.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record